IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Agata Wnuk, *Plaintiff,* v. THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, *Defendants.* | **CASE NO.** 1:25-cv-11936 **Judge:** Honorable Mary M. Rowland **Magistrate Judge:** Honorable M. David Weisman |

**CONSENT JUDGMENT**

This action having been commenced by Plaintiff Agata Wnuk ("Plaintiff") against Defendant No. 10 yilishop ("Defendant"). The Plaintiff and Defendant have resolved all claims arising from the allegations in the Complaint.

THIS COURT HEREBY FINDS, by agreement of the parties, that it has personal jurisdiction over Defendant since Defendant directly targets its business activities towards consumers in the United States, including Illinois. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, has sold products bearing Plaintiff's copyrighted designs which are listed in Exhibit 1 to the Complaint.

THIS COURT FURTHER FINDS that Defendant is liable for copyright infringement (17 U.S.C §§ 106 and 501, *et seq*).

IT IS HEREBY ORDERED that:

1

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from

    a. using the Agata Wnuk Works or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Agata Wnuk Product or is not authorized by Plaintiff to be sold in connection with the Agata Wnuk Works;

    b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Agata Wnuk Works;

    c. further infringing the Agata Wnuk Works and damaging Plaintiff's goodwill;

    d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Agata Wnuk Works, and which are derived from Plaintiff's copyrights in the Agata Wnuk Works;

    e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant's Internet Stores, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyrights in the Agata Wnuk Works;

2. Pursuant to the parties' settlement agreement, Defendant No. 10 yilishop shall pay Plaintiff one thousand dollars ($1,000) in damages (the "Settlement Amount").

3. Walmart Inc. ("Walmart") is ordered to transfer the Damages Amount from Defendant's

account to Plaintiff within seven (7) calendar days of receipt of this Order.

4. Upon Walmart's transfer of Damages Amount to Plaintiff pursuant to paragraph 3, Walmart shall remove any restraints that were placed on Defendant's e-commerce store and financial accounts pursuant to the Temporary Restraining Order [17].

5. Each party shall bear its own attorney's fees and costs.

6. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Consent Judgment and Permanent Injunction. Plaintiff is authorized to seek to enforce the terms of this Consent Judgment and Permanent Injunction and shall be entitled to reasonable attorneys' fees and costs incurred for any action to enforce the terms of this Consent Judgment and Permanent Injunction based on the Defendant's failure to comply, in any way, with its obligations set forth herein.

IT IS SO ORDERED.

DATED: November 13, 2025

*Mary M Rowland*

_____
MARY M. ROWLAND
UNITED STATES DISTRICT JUDGE